# PATRICK J. BRACKLEY

− ATTORNEY AT LAW −
233 BROADWAY, SUITE 2370
NEW YORK, NY 10279
TEL. (212) 334-3736
FAX (212) 965-9375 ♦ E-FAX (646) 861-6196
PATRICTBRACKLEY@AOL.COM

October 16, 2013

VIA ECF

Honorable Denny Chin, U.S.D.J.
United States Court of Appeals
Southern District of New York
500 Pearl Street, Courtroom __
New York, New York  10007

Re: United States v. Melvin Duarte   S2 10 CR 247-03 (DC)

Dear Judge Chin:

    I represent Melvin Duarte, who is scheduled to be sentenced on October 24, 2013, and I submit this letter to aid the Court in fashioning an appropriate sentence that is fair to both Mr. Duarte and the government.  For the reasons set forth below, I respectfully submit that the facts before this Court, viewed in light of the § 3553(a) factors, warrant a below guidelines sentence of no more than 120 months.

A.    Background

    On June 18, 2013, Mr. Duarte pled guilty pursuant to a March 8, 2013 plea agreement to each count of a three-count indictment.  Count 1 charged that, from 2002 through May 2008, he conspired to defraud the Treasury Department and the IRS by obtaining payment of false claims in violation of 18 U.S.C. § 286.  Count 2 charged that, during the same period, he conspired to steal mail in violation of 18 U.S.C. §§ 1708, 371.  Count 3 charged him with aiding and abetting the theft of U.S. Treasury checks in violation of 18 U.S.C. § 1708.

B.    The Presentence Report and the Sentencing Recommendation

    In that they involve substantially the same, financial, harm, U.S.S.G. § 3D1.2 permits the "closely related" counts to be grouped.  PSR at ¶¶ 7(a), 38; March 8, 2013 Plea Agreement at p.3 § A (1).  Mr. Duarte stipulated in the plea agreement to a base offense level of 6 pursuant to U.S.S.G. § 2B1.1(a)(2).  PSR, at ¶¶ 7(b-c), 39; Plea Agreement at p. 3 § A (2-3). The agreement likewise included stipulations to a 24-level

loss amount increase pursuant to § 2B1.1(b)(1)(M) for an intended loss of more than $50,000,000 but less than $100,000,000[1] and a two-level increase pursuant to § 2B1.1(b)(10)(b) because a substantial part of the scheme occurred outside the U.S. PSR, at ¶¶ 7(d,e), 40-41; Plea Agreement at p. 3 § A (2-3). Mr. Duarte also suffers additional three- and two-level increases pursuant to § 3B1.1(b), because Mr. Duarte was a supervisor, and §3C1.1, because he fled the jurisdiction after his May 2008 arrest and release on bond. PSR at ¶¶ 7(f,g), 12, 29, 43-44. From the offense subtotal of 37, the Probation Department recommended a three-level decrease pursuant to § 3E1.1(a, b) for timely acceptance of responsibility. PSR at ¶ 46. Thus, according to the Probation Department's calculations, Mr. Duarte's total offense level is 34 which, with a Criminal History Category of II, yields a corresponding guideline range of from 168-210 months of imprisonment. PSR at ¶¶ 47-60, 103.

C.   The § 3553(a) Factors Militate For A Bottom-Of-The-Guidelines Sentence

"The court should impose a sentence sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. U.S.S.G. Chapter 5, Part A, Introductory Commentary citing 18 U.S.C. § 3553(a). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Pepper v. United States, ___ U.S. ____, 131 S.Ct. 1229, 1239-1240 (2011) (quoting Koon v. United States, 518 U.S. 81, 113 (1996)). "Highly relevant – if not essential – to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." Id., at 1240 (quoting Williams v. New York, 337 U.S. 241, 247 (1949)). "Permitting sentencing courts to consider the widest possible breadth of information about a defendant 'ensures that the punishment will suit not merely the offense but the individual defendant." Id. (quoting Wasman v. United States, 468 U.S. 559, 564 (1984)). The punishment should fit the offender and not merely the crime. Pepper v. United States, supra (citing Williams, 337 U.S. at 247 (1949)).

By the benchmark of its base offense level, the offense was not particularly serious. However, under the guidelines, the various aggravating factors, particularly the intended loss amount, significantly elevate its gravity. 18 U.S.C. § 3553(1).

---

[1] R.J Anello and R.F. Albert, Calls For Sanity In White Collar Sentencing, N.Y.L.J., October 1, 2013 at p. _, col. _ (collating criticism, including that in Judge Underhill's concurrence in United States v. Corsey, 723 F.3d 366 (2d Cir. 2013) ("In my view, the loss guideline is fundamentally flawed, and those flaws are magnified where, as here, the entire loss amount consists of intended loss.") of a sentencing scheme whereunder the loss guidelines serve as a proxy for the seriousness of the offense)

As set forth in the PSR at ¶¶ 61-100, Mr. Duarte' history and characteristics depict a 38-year-old[2] Dominican immigrant, the second youngest of five children raised in meager circumstance after the family farm failed.  PSR at ¶¶ 64, 66. Mr. Duarte was provided a sound upbringing with good values as part of a close-knit family and exhibited commendable industry upon his arrival in the United States at age 13, quickly obtaining low-wage employment at the neighborhood grocery.  PSR at ¶¶ 63, 66-67.  Hamstrung by his lack of formal education, Mr. Duarte nevertheless struggled to support his four children from prior relationships through gainful employment until the instant arrest and continued to work while on the run in the Dominican Republic.  Id. at ¶¶ 68-70, 83-95.  He has incurred no disciplinary infractions during the course of his 9-month pretrial detention and, in an effort to be self-supporting, currently works in the MCC kitchen. See 18 U.S.C. § 3553(a)(1).

Mr. Duarte ability to live within the law during his time in the Dominican Republic suggests that he is only a minimal threat to commit further crimes at the conclusion of any extended period of incarceration.  See 18 U.S.C. § 3553(a)(2)(B-C).

Only a fraction of the scheme's profits flowed to Mr. Duarte, who clearly lived no lavish lifestyle.  Mr. Duarte thus asks that the court remain mindful, in constructing its sentence, of the widespread criticism of the loss guidelines as a barometer of the seriousness of this sort offense, especially given his less than critical role in it.

Mr. Duarte requests that the Court recommend placement in a facility in the Northeast Region, near his four children.  See 18 U.S.C. § 3621 (b)(4)(B); Bureau of Prisons Program Statements PS 5140.28 and PS 5070.10 § 7 (a, b); United States v. Potoski, 2010 WL 1909551 (09-0176-cr 2d Cir. May 13, 2010) (sentencing court may recommend place of imprisonment) citing United States v. Yousef, 327 F3d 56, 165 (2d Cir. 2003).

D.   Conclusion

For the forgoing reasons, Mr. Duarte respectfully requests that the Court sentence him as suggested herein.

Respectfully submitted,

s/ Patrick J. Brackley
Patrick J. Brackley (PJB 6808)

cc:  AUSA Serrin Turner
     Probation Officer Pamela Perea

---

[2] The PSR features two different birthdates for defendant, July 29, 1975 in the identifying data section on p.3 and June 29, 1975 at para. 61.